UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-60347

SCHMEKA LYONS,

Plaintiff,

v.

BRENDA D. FORMAN, in her official
capacity as Broward County Clerk of Court,

Defendant.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Schmeka Lyons ("Lyons"), by and through the undersigned attorney, hereby files this Complaint against Defendant, Brenda D. Forman, in her official capacity as Broward County Clerk of Court[1] (the "Clerk" or "Forman"), whose predecessor, acting under color of state law, deprived Lyons of her rights, privileges and immunities secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, when her predecessor failed to furnish a means for Lyons and other indigent criminal defendants, who were unable to afford a court reporter, to monitor, report or record court proceedings so that official transcripts could be used to perfect an appeal of their convictions or to seek relief of court rulings, orders and judgments.

### PARTIES, JURISDICTION AND VENUE

1.      Lyons was, and is, a resident of Broward County, Florida. Lyons is not a minor, an incompetent person or an active member of the military services of the United States.

---

[1] Prior to and during the pertinent dates involving Lyons' legal claims, the following persons served as the Broward County Clerk of Court: Robert E. Lockwood (1976-1997); Howard C. Forman (1997-2016); and Brenda D. Forman (2016-present).

2.      Forman is a duly authorized officer of the State of Florida and was acting under color of law within the course and scope of her duties as Clerk and with the complete authority and ratification of the State of Florida. Forman is not a minor, an incompetent person or an active member of the military services of the United States.

3.      This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The federal rights asserted by Lyons are enforceable under 42 U.S.C. § 1983.

4.      Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391(b), wherein: (a) Forman operates as the Clerk within this District; and (b) a substantial part of the events that are the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

### THE CLERK OF COURT AS A STATE OFFICER

5.      The Clerk, as all clerks of court throughout the State of Florida, is a designated state officer, official or an arm of the State. Clerks of court are: (a) regulated by the Florida Legislature; (b) are subject to discipline by the Judicial Qualifications Commission, which is an independent state agency, and the Florida Supreme Court (which approves or disapproves the recommended discipline by the Judicial Qualifications Commission); and (c) protected from actions by counties that substantially effects clerk-related operations.

6.      Specifically, Section 16, Article V of the Florida Constitution states: "There shall be in each county a clerk of the circuit court who shall be selected pursuant to the provisions of Article VIII section 1. Notwithstanding any other provision of the constitution, the duties of the clerk of the circuit court may be divided by special or general law between two officers, one

2

serving as clerk of court and one serving as ex officio clerk of the board of county commissioners, auditor, recorder, and custodian of all county funds. There may be a clerk of the county court if authorized by general or special law."

7. In turn, the Florida Legislature promulgated Chapter 28, Florida Statutes, to set forth specific duties and responsibilities for the Clerk and other state clerks of courts.

8. Currently, the Clerk supervises a court administration staff of approximately 750 employees (the "Court Administration"). The Clerk, through the Court Administration, provides support to ninety judges and eleven magistrates, services to the general public and assists other government agencies. Further, the Clerk, through the Court Administration, provides the following core services: (a) filing court proceedings; (b) filing and retrieval of documents such as arrests, traffic citations, affidavits, marriage licenses, probate and other court-related documents; (c) collection of court fees; (d) creation of court dockets; (e) notification of participants; and (f) monitoring of court proceedings.

<u>STATE RULES ON RECORDING COURT PROCEEDINGS</u>

9. To ensure criminal defendants are afforded due process, the Florida Supreme Court promulgated several rules mandating the recording of criminal proceedings. In particular, two rules required the Clerk and clerks of court throughout the State of Florida to monitor, report and record trial court criminal proceedings.

10. First, former Florida Rule of Judicial Administration 2.070(b), which was in effect on February 22, 2000, states:

> When Court Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceeding shall be reported by a Certified Court Reporter on the request of any party. The party so requesting shall pay the reporting fees, but this requirement shall not preclude the taxation of costs as authorized by law. Testimony in grand jury proceedings shall be reported stenographically or by

an electronic recording device. Other parts of grand jury proceedings, including deliberations and voting, shall not be reported. No transcription of testimony may be made unless required by an order of a court of competent jurisdiction. The stenographic records, electronic recordings, and transcripts of grand jury proceedings shall be filed with the clerk of the court who shall keep them in a soaled container not subject to public inspection.

See Amend. Fl. Rule Jud. Admin. 2.070, 725 So. 2d 1094, 1102 (Fla. 1998).

11. Second, Florida Rule of Criminal Procedure 3.721 states: "The sentencing court shall ensure that a record of the entire sentencing proceeding is made and preserved in such a manner that it can be transcribed as needed."

## FACTUAL AND PROCEDURAL BACKGROUND

12. On April 25, 1998, the State of Florida charged Lyons by Information with one count of Aggravated Assault, pursuant to Section 784.021, Florida Statutes. The Clerk, through the Court Administration, assigned Case No. 98-008419-CF-10A to the case, which was to be heard by the Honorable Michael G. Kaplan in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida (the "Circuit Court").

13. On July 23, 1998, Lyons entered a change of plea from Not Gulty to Nolo Contendere to Count One of Aggravated Assault and was sentenced to a Withhold of Adjudication and eighteen (18) months of probation.

14. In February 2000, Lyons successfully concluded her 18-month probationary period with all fines paid.

15. On February 14, 2000, Lyons lost her job. Prior to her dismissal, Lyons was earning approximately $1,100 per month (before taxes). Lyons' husband, with whom she had two minor children, was also unemployed. As a result of their financial distress, Lyons' family qualified for a few government programs, including food-purchasing assistance from the then-Food Stamp Program and insurance through Medicaid. Lyons may have had approximately $150 to her name.

4

16.     On February 22, 2000, the Circuit Court conducted a hearing (the "Hearing"). At the conclusion of the Hearing, Judge Kaplan announced the case "dismissed" before graveling the proceeding closed. However, the Clerk failed to schedule a court reporter to monitor, report or record (i.e., assigning a court reporter to transcribe, or utilize an electronic device to record the proceeding) the Hearing.

17.     In the Summer of 2023, Lyons decided to earn a mental health technician certificate from Atlantic Technical College ("Atlantic"), which is operated by Broward County Public Schools ("Broward Schools"). Lyons wished to start the program during the Fall 2023 term.

18.     On September 27, 2023, Lyons participated in a meeting with Ruth Eloi, Atlantic School Counselor, Jean Dougherty, Atlantic Health Sciences Department Head Professor, and Jean Bart, Atlantic Health Sciences Department Head. The Atlantic staff informed Lyons that her background screening came back unapproved for the mental health technician course.

19.     On September 28, 2023, Lyons conducted a telephone call with Lakeishia Smith, Broward Schools Security Clearance Clerk. Smith informed Lyons that the court disposition form from the Hearing (the "Disposition") was invalid although it states that probation terminated. Specifically, Smith explained the Disposition was not completed filled-out (namely, no one checked-off a box on the right-hand side of the form to indicate the final case resolution). Smith advised the Disposition should indicate whether the case was dismissed or resolved in any of the other selections available on the form. Smith claimed she had seen this occur in other cases, and advised such individuals to apply to the court for a correction to the disposition so her office could proceed with the clearance process. Lyons' conversation with Smith was the first time Lyons learned of the deficiency in the Disposition.

20.     Lyons retained legal counsel to address the disposition deficiency.

21.     On October 2, 2023, Lyons filed a Motion to Correct Sentence Scrivener's Error in Disposition Nunc Pro Tunc (the "Motion to Correct") with the Circuit Court. Later, on October 2, 2023, the Circuit Court entered an Order Requesting the State of Florida to Respond.

22.     On October 10, 2023, the State of Florida filed a Response to the Motion to Correct. The State of Florida argued that the Court should deny the Motion to Correct since Lyons failed to present a transcript of the Hearing.

23.     Later, on October 10, Lyons filed a Motion For Stay of Execution and Motion for Leave to File a Reply to the State of Florida Response (the "Motion to Stay").

24.     On October 11, 2023, the Circuit Court entered an Order denying the Motion to Correct Sentence.

25.     On October 12, 2023, the Circuit Court entered an Order permitting Lyons to file a renewed motion to correct. The Circuit Court determined the Motion to Stay was moot.

26.     Later, on October 12, 2023, Lyons submitted public records requests to the Clerk and the State Attorney's Office for the 17th Judicial Circuit. Lyons requested the state agencies to provide any transcripts or recordings of the Hearing.

27.     On October 13, 2023, the State Attorney's Office for the 17th Judicial Circuit submitted its response to the October 12, 2023, public records request. The State Attorney's Office could not produce a transcript or recording of the Hearing.

28.     On October 20, 2023, the Clerk submitted its response to the October 12, 2023, public records request. The Clerk reported that the court file did not include a transcript or recording of the Hearing.

29.     Lyons' receipt of the October 13 and 20, 2023, public record responses was the first time Lyons learned that the Clerk did not monitor, report or record the Hearing.

30.    On February 7, 2024, Lyons filed the Renewed Motion to Correct.

31.    On February 23, 2024, the Circuit Court entered an Order requiring a response by the State of Florida to the Renewed Motion to Correct.

32.    On March 14, 2024, Lyons filed a Notice of the State of Florida's Non-Compliance with the Court's February 20, 2024, Order.

33.    On March 18, 2024, the State of Florida filed a Response to the Renewed Motion to Correct.

34.    On March 19, 2023, the Circuit Court entered an Order denying the Renewed Motion to Correct.

35.    On April 18, 2024, Lyons filed a Notice Of Appeal with the Circuit Court. The Florida Fourth District Court of Appeal (the "District Court") issued the appeal Case No. 4D2024-0999.

36.    On July 8, 2024, Lyons filed her Initial Brief with the District Court.

37.    On August 8, 2024, the District Court entered a *Per Curiam* Affirmed decision and affirmed the ruling of the Circuit Court.

38.    On August 23, 2024, Lyons filed a Motion for Rehearing and Rehearing *En Banc*.

39.    On December 31, 2024, the District Court entered an Order Denying the Motion for Rehearing and Rehearing *En Banc*.

40.    As a result of the deficient Disposition, Lyons was unable to start the Atlantic mental health technician certificate program. Further, a negative criminal history was recently added to Lyons' credit report (which impacts Lyons' eligibility in other areas, including, but not limited to, employment, federal grants and loans). Moreover, Lyons has learned that a level-two

background check or screening[2] of her life would produce negative results due to the critical error in the Disposition and, as a result, she will continue to be permanently disqualified from numerous opportunities, including the following: (a) residing in many gated communities (Lyons has attempted to do so on at least four occasions); and (b) retaining employment with several federal agencies, including the U.S. Social Security Administration.

41.    Lyons has retained the undersigned attorney to represent her interests in this matter and is obligated to pay said counsel a reasonable fee for his services.

## COUNT I
## DENIAL OF EQUAL PROTECTION: (SECTION 1983)

42.    Lyons re-alleges each and every allegation contained in paragraphs 1-41, as if they were fully set forth herein.

43.    Lyons sues the Clerk, in her official capacity, for violating her rights secured through the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

44.    The Clerk, as an officer or official of the State of Florida, is a supervisor of the Court Administration and court-related operations in Broward County.

45.    Under Florida law and regulations, the Clerk has been assigned numerous duties and responsibilities, including the monitoring (including the maintenance of monitoring records) of trial court criminal proceedings. Further, pursuant to Florida Rule of Judicial Administration 2.070(b) and Florida Rule of Criminal Procedure 3.721, the Clerk is required to "report" and

---

[2] See Scott Hechinger, "What Is a Level 2 Background Check Screening?, TheJusticeCollaborative.com (Oct. 17, 2024), available at:
https://thejusticecollaborative.com/level-2-background-check/ (visited Feb. 21, 2025) (""A Level 2 background check is a comprehensive screening process that uses fingerprints to search someone's criminal history in both state and federal criminal records. It's often required for jobs involving trust or sensitive roles, such as those in healthcare, education, childcare, and positions that involve working with vulnerable groups like the elderly or individuals with disabilities.").

"record" criminal proceedings. Thus, the Clerk's monitoring duties were not assigned by an order, decree, instruction or direction issued or entered by a judge of a court in Broward County. Further, the Clerk's monitoring responsibilities concerning trial court criminal proceedings are not a function normally handled by a state court judge.

46.     As the Clerk, she (and/or her predecessors), knew or should have known of the potential for a violation of a defendant's right under the Fourteenth Amendment if a criminal trial court proceeding was not monitored, reported or recorded. However, since at least February 2000, the Clerk (and/or her predecessors) failed to authorize or approve means to monitor, report or record all trial court criminal proceedings in Broward County. Specifically, the United States Supreme Court in Griffin v. Illinois, 351 U.S. 12 (1956), recognized that "constitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons. Both equal protection and due process emphasize the aim of our entire judicial system — all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.'" Id. at 17. As such, the Griffin Court held "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." Id. at 19.

47.     Later, in Lane v. Brown, 372 U.S. 477 (1963), the Supreme Court evaluated the State of Indiana's procedure of providing indigent prisoners in post-conviction proceedings with trial transcripts. The Lane Court held that the Indiana law, which only allowed indigent defendants to procure transcripts for *coram nobis* hearings through the Indiana Office of the Public Defender,

9

was unconstitutional and, in so doing, reiterated that <u>Griffin</u>'s protections apply in collateral proceedings. <u>See</u> <u>id.</u> at 484-85.

48.     The actions of the Clerk (and/or her predecessors) implicate a claim under Section 1983 since: (a) the Clerk's decision not to monitor, report or record the Hearing deprived Lyons of her right, privilege or immunity secured through the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as interpreted and applied by the United States Supreme Court and other federal courts in <u>Griffin</u> and its progeny; and (b) that decision not to monitor, report or record the Hearing was made by the Clerk in her role as an officer or official of the State of Florida.

49.     The Clerk's actions support an equal protection claim for three reasons:

a.     Lyons, who was unemployed and in a significantly financially-depressed circumstance on or about February 20, 2000, was indigent, which is a protected class;

b.     Lyons was treated differently than other non-indigent defendants, who possessed the financial resources to retain a court reporter to monitor, report or record trial court criminal proceedings in Broward County; and

c.     As a result of the Clerk's decision not to monitor, report or record all trial court criminal proceedings, Lyons was treated differently (by being unable to obtain a transcript of the Hearing) than a defendant with financial means (who could obtain a hearing transcript through retaining a court reporter) and that different treatment was solely due to Lyons' indigent status.

50.     In the case of Lyons (and other poor defendants), since the Clerk failed to record all trial court criminal proceedings, Lyons did not have sufficient funds to retain a court reporter

to record the Hearing. If Lyons had a court reporter-prepared transcript of the Hearing, then she would have been successful on appeal or during any post-conviction motion since she could have demonstrated what should have been the accurate contents of the deposition.

51.     For these reasons, Lyons demands judgment against the Clerk for injunctive and declaratory relief; attorney's fees and costs; and such other and further relief as the Court deems appropriate.

**COUNT II**
**DENIAL OF PROCEDURAL DUE PROCESS: (SECTION 1983)**

52.     Lyons re-alleges each and every allegation contained in paragraphs 1-41, as if they were fully set forth herein.

53.     Lyons sues the Clerk, in her official capacity, for violating her rights secured through the Due Process Clause of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

54.     The Clerk, as an officer or official of the State of Florida, is a supervisor of the Court Administration and court-related operations in Broward County.

55.     Under Florida law and regulations, the Clerk has been assigned numerous duties and responsibilities, including the monitoring (including the maintenance of monitoring records) of trial court criminal proceedings. Further, pursuant to Florida Rule of Judicial Administration 2.070(b) and Florida Rule of Criminal Procedure 3.721, the Clerk is required to "report" and "record" criminal proceedings. Thus, the Clerk's monitoring duties were not assigned by an order, decree, instruction or direction issued or entered by a judge of a court in Broward County. Further, the Clerk's monitoring responsibilities concerning trial court criminal proceedings are not a function normally handled by a state court judge.

56.     As the Clerk, she (and/or her predecessors), knew or should have known of the potential for a violation of a defendant's right under the Fourteenth Amendment if a criminal trial court proceeding was not monitored, reported or recorded. However, since at least February 2000, the Clerk (and/or her predecessors) failed to authorize or approve means to monitor, report or record all trial court criminal proceedings. Specifically, the United States Supreme Court in Griffin v. Illinois, 351 U.S. 12 (1956), recognized that "constitutional guaranties of due process and equal protection both call for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons. Both equal protection and due process emphasize the aim of our entire judicial system — all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.'" Id. at 17. As such, the Griffin Court held "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." Id. at 19.

57.     Later, in Lane v. Brown, 372 U.S. 477 (1963), the Supreme Court evaluated the State of Indiana's procedure of providing indigent prisoners in post-conviction proceedings with trial transcripts. The Lane Court held that the Indiana law, which only allowed indigent defendants to procure transcripts for *coram nobis* hearings through the Indiana Office of the Public Defender, was unconstitutional and, in so doing, reiterated that Griffin's protections apply in collateral proceedings. See id. at 484-85.

58.     The actions of the Clerk (and/or her predecessors) implicate a claims under Section 1983 since: (a) the Clerk's decision not to monitor, report or record the Hearing deprived Lyons of her right, privilege or immunity secured through the Due Process Clause of the Fourteenth Amendment to the United States Constitution as interpreted and applied by the United States

12

Supreme Court and other federal courts in Griffin and its progeny; and (b) that decision not to monitor, report or record the Hearing was made by the Clerk in her role as an officer or official of the State of Florida.

59.     The Clerk's actions support a procedural due process claim for two reasons:

a.     Lyons had a right under Florida law to have the Hearing monitored, reported or recorded, but the Clerk's decision not to monitor, report or record all trial court criminal proceedings in Broward County impaired Lyons' rights; and

b.     Lyons was not afforded appropriate process. The Clerk knew or should have known that access to the courts cannot be contingent on wealth or financial status. In fact, under Griffin and its progeny, the Clerk, as well as all clerks of court in this state, cannot implement or maintain court systems where indigent or low-income defendants receive less process because of their financial status than defendants with greater financial means.

60.     In the case of Lyons (and other indigent defendants), since the Clerk failed to record all trial court criminal proceedings, Lyons did not have sufficient funds to retain a court reporter to record the Hearing. If Lyons had a court reporter-prepared transcript of the Hearing, then she would have been successful on appeal or during any post-conviction motion since she could have demonstrated what should have been the accurate contents of the Deposition.

61.     For these reasons, Lyons demands judgment against the Clerk for injunctive and declaratory relief; attorney's fees and costs; and such other and further relief as the Court deems appropriate.

**PRAYER FOR RELIEF**

62.    WHEREFORE, Plaintiff, Schmeka Lyons, requests this Court issue judgment against Defendant, Brenda D. Forman, in her official capacity as Broward County Clerk of Court, as follows:

a.    Enter judgment declaring Defendant's actions violated Plaintiff's rights guaranteed by the Equal Protection and Due Process Clauses of the Fourteenth Amendments to the United States Constitution, or, in the advent declaratory relief is unavailable, injunctive relief ordering Defendant to: (i) ensure—through a comprehensive review of court records—the Hearing was not monitored, reported or recorded; (ii) implement the necessary measures so that all trial court criminal proceedings in Broward County are monitored, reported or recorded pursuant to Florida Rule of Judicial Administration 2.070(b) and Florida Rule of Criminal Procedure 3.721; and (iii) carry-out any other forms of relief as this Court may deem just and proper under federal law; and

b.    Award attorney's fees and costs Plaintiff incurred in this case, pursuant to 42 U.S.C. § 1988.

Dated: February 22, 2025.

Respectfully submitted,

s/ Michael L. Buckner

_____

Michael L. Buckner, Esquire
Florida Bar No. 106331
BUCKNER LEGAL SELF-HELP PROGRAM, INC.
Email: michaelbucknerlaw@gmail.com
5224 NW 96th Drive
Coral Springs, Florida 33076-2487
Office: +1-954-347-0112
Facsimile: +1-954-513-4796

*Attorney for Plaintiff,*
*Schmeka Lyons*

15